UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1619

BONONO MOBOMBO,

           Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

           Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 21, 2010        Decided: December 3, 2010

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joshua A. Moses, JOSHUA MOSES & ASSOCIATES, Silver Spring, Maryland, for Petitioner. Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Jeffery R. Leist, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bonono Mobombo, a native and citizen of the Democratic Republic of the Congo, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT") and denying asylum as a derivative beneficiary based on his wife's asylee status. We deny the petition for review.

Under 8 U.S.C. § 1158(b)(3) (2006), a spouse of an alien granted asylum may be granted the same status if the spouse accompanied the alien or followed to join the alien. Under 8 C.F.R. § 1208.21(c) (2010), the procedure for seeking derivative status for a spouse not included in the refugee's asylum application is as follows:

> When a spouse or child of an alien granted asylum is in the United States, but was not included in the asylee's application, the asylee may request accompanying or following-to-join benefits for his/her spouse or child by filing for each qualifying family member a separate Form I-730, Refugee/Asylee Relative Petition, and supporting evidence, with the designated Service office, regardless of the status of that spouse or child in the United States. A recent photograph of each derivative must accompany the Form I-730. The photograph must clearly identify the derivative, and will be made part of the derivative's immigration record for identification purposes. Additionally, a separate Form I-730 must be filed by the asylee for each qualifying family member before February 28, 2000, or within 2 years of the date in which he/she was granted asylum status, whichever is

2

later, unless it is determined by the Service that this period should be extended for humanitarian reasons.

The Board held that without an approved Form I-730, the immigration judge could not grant Mobombo asylum based on his wife's status. We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). "[A]s the holder of much of the Attorney General's delegated power, the [Board] should be accorded Chevron[*] deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication." Fernandez v. Keisler, 502 F.3d 337, 344 (4th Cir. 2007) (internal quotation marks omitted). Because the procedure of filing an I-730 and having it granted as a predicate to seeking derivative status is a "creature" of the Attorney General's regulations, "his interpretation of it is . . . controlling unless plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997) (alteration added) (internal quotation marks omitted). We conclude the Board's interpretation controls in this instance and there was no error.

---

[*] Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

Insofar as Mobombo sought asylum and withholding of removal by filing his own application, we find substantial evidence supports the denial of relief. The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

4

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih, 371 F.3d at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

5

In Mobombo's case, substantial evidence supports the finding that he did not have a well-founded fear of persecution. We also conclude that the denial of asylum based on humanitarian grounds was not an abuse of discretion. <u>See</u> 8 C.F.R. § 208.13(b)(1)(iii) (2010).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>